IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

PRIMAL WEAR, INC., a Colorado Corporation,

      Plaintiff,

v.

RIDER SPORTSFASHION, LLC, a California Limited Liability Company, d/b/a/ JAKROO USA,

      Defendant.

---

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Primal Wear, Inc., by and through its attorneys, submits its Complaint for Injunctive Relief and Damages against Defendant Rider Sportsfashion, LLC, d/b/a/ Jakroo USA ("Jakroo") as follows:

#### NATURE OF THE ACTION

This is a civil action seeking damages, injunctive relief and attorneys' fees for copyright infringement under the Copyright Act (17 U.S.C. § 101 et seq.) and unfair competition under the Lanham Act (15 U.S.C. § 1125(a)).

#### PARTIES

1.    Primal Wear is a Colorado corporation with its principal place of business at 7700 Cherry Creek South Drive, Suite 106, Denver Colorado 80231. Primal Wear designs, markets and manufactures premier cycling apparel for teams, clubs and events around the world.

2.    Jakroo is a California limited liability company with its principal place of business at 5673 W. Las Positas Blvd., Suite 201, Pleasanton, California, 94588. Jakroo sells its

1

products, including cycling apparel, through its website to numerous customers located throughout the United States, including customers in this District.

## JURISDICTION

3. This Court has personal jurisdiction over the Defendant. Defendant sells and has sold products which infringe Primal Wear's copyrights in this judicial district. In addition, Jakroo and/or its parent company have entered into business transactions with Primal Wear, a Colorado corporation and, as such, as purposefully availed itself of the benefits of this forum.

4. The Court has subject matter jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyright).

5. Venue is proper in this district under 28 U.S.C. 1391 because Defendant does business in this District, and substantial acts of infringement complained of herein occurred and continue to occur in this district.

## FACTUAL BACKGROUND

6. Cycling apparel is a type of form fitting clothing used by cyclists to reduce drag and for wicking away sweat while one is cycling. Cycling jerseys, like the clothing at issue in this litigation, typically have colorful graphic designs imprinted with product logos or other artwork.

7. Primal Wear has created numerous unique artistic designs used on their cycling products. Photographs of Primal Wear's unique Cycling Jersey designs at issue in this case are attached hereto in Group Exhibit 1. The Primal Wear designs contained in Exhibit 1 are hereinafter referred to as "Cycling Jerseys."

8. The Cycling Jerseys are protected by copyright and are the subject of a federal Copyright Registration. See paragraph 20 herein.

46796229.1

9. In addition, the Cycling Jerseys have unique, nonfunctional designs and configurations that are protectable as unregistered trade dress under the Lanham Act – for example, the Cycling Jerseys come with various designs containing background images along with musical album covers, product logos or company names. The designs have no function and provide no functional advantage to the Cycling Jerseys but are merely used by Primal Wear to distinguish its Cycling Jerseys from others in the market.

10. At least as early as the dates noted in its Copyright Registration and Application, Primal Wear has been the exclusive seller of the Cycling Jerseys and has aggressively marketed the Cycling Jerseys.

11. Over the years and prior to Defendant's acts complained of herein, Primal Wear has established itself as the designer and seller of the Cycling Jerseys at issue such that their unique, nonfunctional design and configuration has acquired secondary meaning and distinguishes Primal Wear's Cycling Jerseys from other cycling jerseys in the market.

12. Primal Wear's continuous and extensive use of the Cycling Jerseys has resulted in the creation of substantial goodwill and recognition throughout much of the United States and cycling industry such that the Cycling Jerseys are associated exclusively with Primal Wear.

### DEFENDANT'S WRONGFUL CONDUCT

13. Defendant Jakroo sells competing cycling apparel to individual groups. However, many of Jakroo's so-called "custom" products are exact, near exact or substantially similar copies of Primal Wear's copyright-protected Cycling Jerseys. Website printouts showing Jakroo's infringing jerseys are attached hereto as Exhibit 2.

14. Primal Wear contracted with Jakroo's parent company, Rider Sportsfashion. Under the terms of the agreement, Rider Sportsfashion was to assemble and produce Primal

46796229.1

Wear's Cycling Jerseys based on designs created and submitted by Primal Wear. Through this arrangement, Rider Sportsfashion received the designs for Primal Wear's catalog of products.

15.     Upon information and belief, Rider Sportsfashion used Primal Wear's designs to create templates for use by customers of Jakroo. Jakroo, therefore, knowingly and intentionally infringed Primal Wear's product by using the underlying Primal Wear design and then placing different logos over the design to meet the specific requests of its customers.

16.     To illustrate the extent of Defendant's copying of Primal Wear's Cycling Jerseys and use of confusingly similar cycling Jerseys, Primal Wear provides the following two side-by-side example comparisons of the Cycling Jerseys that it created and designed next to the infringing jerseys sold by Jakroo. In each instance, the Primal Wear jerseys and designs are represented in the two pictures on the left, while the Jakroo infringing jerseys are those displayed in the two pictures on the right.

**Primal Wear**                                                                 **Jakroo**

|Primal Wear|Jakroo|
|---|---|



17.     It is clear from the photographs above that these are either exact copies of the Cycling Jersey designs or strikingly similar copies. The Jakroo jerseys also are confusingly similar to the Primal Wear Cycling Jerseys pictured alongside. Defendant has copied the graphic designs down to the last detail – the shape, size, angle, position, and features are exact matches. All of these elements are non-functional. Defendant has likewise copied numerous other Primal Wear Cycling Jerseys as reflected in Exhibits 1 and 2 attached hereto.

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement)**

18.     Primal Wear restates the previous paragraphs as if set forth fully herein.

19.     The Cycling Jersey designs are copyrightable subject matter under the laws of the United States, 17 U.S.C. § 101 *et seq.*

20.     Primal Wear is the owner of United States Copyright Registration No. VAu 1-153-720 for the designs on the cycling jerseys at issue in this matter.

A copy of the copyright certificate is attached hereto as Exhibit 3 ("the Registration").

21.     The Registration was duly issued and is valid and enforceable.

22.     Primal Wear complied in all respects with the Copyright Act.

23. Since at least the creation dates on each of the Registrations, Primal Wear has been the sole proprietor of all rights, title and interest in and to the copyright on Cycling Jerseys and has exclusive rights in the subject matter of the Registrations.

24. Defendant's copyright infringement was and is willful and intentional.

25. Defendant's actions demonstrate intent to continue to willfully infringe Primal Wear's copyrighted works.

### PRAYER FOR RELIEF – COPYRIGHT INFRINGEMENT

**WHEREFORE**, Primal Wear requests that judgment be entered in its favor and that:

A. The Court enter permanent injunctive relief ordering Defendant to cease all infringement of Primal Wear's copyrighted works, as authorized by 17 U.S.C. § 502;

B. The Court award Primal Wear all available damages and other monetary relief available as a result of Defendant's infringement, including actual damages as well as damages for willful infringement under 17 U.S.C. § 504;

C. The Court award costs and attorneys' fees under 17 U.S.C. § 505;

D. The Court impound or otherwise order the disposal of all infringing products under 17 U.S.C. § 503; and

E. The Court award Primal Wear such other and further relief, including costs, as this Court deems just and equitable.

### SECOND CLAIM FOR RELIEF
(Violation of 15 U.S.C. § 1125(a)(1) and (a)(3) – Federal Unfair Competition)

26. Primal Wear restates the previous paragraphs as if set forth fully herein.

27. Defendant's use of Primal Wear's unique cycling jersey designs (which are non-functional and have acquired secondary meaning and are protectable trade dress) in connection with its own offering of cycling apparel is likely to cause confusion, mistake or deception as to

46796229.1

the origin, source, sponsorship or approval of Defendant's goods in that consumers and others are likely to believe that Primal Wear authorizes or controls the sale of Defendant's goods or that Defendant is somehow associated with or related to Primal Wear.

28.     Defendant's use of Primal Wear's unique Cycling Jersey designs constitutes unfair competition in violation of 15 U.S.C. § 1125(a)(1) and (a)(3), resulting in damages to Primal Wear.

29.     Defendant's wrongful use of Primal Wear's unique Cycling Jersey designs are a deliberate, intentional and willful attempt to profit from Primal Wear's Cycling Jersey designs, to trade on Primal Wear's business reputation, to pass off its products as coming from Primal Wear and to confuse and deceive consumers.

30.     Defendant's acts are greatly and irreparably damaging Primal Wear and will continue to damage Primal Wear unless enjoined by the Court, wherefore Primal Wear is without an adequate remedy at law.

31.     Because of Defendant's wrongful conduct, this is an "exceptional case" under the Lanham Act.

### PRAYER FOR RELIEF – UNFAIR COMPETITION

**WHEREFORE**, Primal Wear requests that judgment be entered in its favor and that:

A.     The Court award Primal Wear all damages and other monetary relief available as a result of Defendant's wrongful conduct, such damages and monetary relief including, but not limited to, actual damages, lost profits and Defendant's profits as follows;

    1. Account for and pay over to Primal Wear all profits dervide by Defendant for complained of acts of Defendant, in accordance with 15 U.S.C. § 1117;

    2. Pay to Primal Wear three times the damages it has suffered as a result of the complained of acts of Defendant, in accordance with 15 U.S.C. § 1117;

    3. Pay to Primal Wear the costs of this action together with Primal Wear's reasonable attorney's fees and disbursements, in accordance with 15 U.S.C. § 1117;

B.   The Court enter injunctive relief order Defendant to:

    1. Cease making, selling, marketing or otherwise attempting to profit off of the cycling apparel at issue and any other cycling jerseys that are confusingly similar to Primal Wear's Cycling Jerseys;

    2. Cease all use or attempt to register the cycling apparel at issue and any other cycling jerseys that are confusingly similar to Primal Wear's Cycling Jerseys;

    3. Refrain from doing any other act or thing likely to induce the belief that Defendant's business or product is an any way legitimately connected with or sponsored or approved by Primal Wear;

    4. Refrain from doing any other act or thing likely to dilute the distinctiveness of the Cycling Jerseys or likely to tarnish the goodwill associated with them;

    5. Deliver up for destruction all jerseys, catalogs, labels, signs, brochures, prints, advertisements, and any and all other material of an infringing or unfair or deceptive nature in Defendant's possession or control, as well as all plates and other means of making the same;

    6. Remove all content from all Defendant websites depicting the cycling apparel at issue;

    7. Take corrective action by posting on its website that Defendant is not in any way affiliated with Primal Wear; and

C. The Court award Primal Wear such other and further relief, including costs and attorney's fees as this Court shall deem just and equitable.

### JURY DEMAND

**PRIMAL WEAR HEREBY REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

Dated: February 7, 2014

Respectfully submitted,

*S/ Joseph T. VanLandingham*
Jeffrey H. Kass
Joseph T. VanLandingham
Polsinelli PC
Denver, Colorado 80202
Telephone: 303.572.9300
Facsimile: 303.572.7883

Attorneys for Plaintiff PRIMAL WEAR, INC.,
a Colorado Corporation